IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02616-RPM-CBS

DAVID BARELA,

    Plaintiff,

v.

NORTHROP GRUMMAN SYSTEMS CORPORATION,
A Delaware corporation,

    Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of confidential or sensitive information produced by the parties in this action,

IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, transcripts and exhibits, and other information disclosed by the parties in this action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" or as "Protected Document/Document Subject to Protective Order" shall be information that is confidential and implicates common law or statutory privacy interests. Documents may only be designated as confidential after an attorney of record in the case, after reviewing the document, has made a good faith determination that the document meets the criteria of F.R.C.P. 26(c) and the terms of this Order. For purposes of this Order, only the following categories of information may be designated as CONFIDENTIAL: (a) personnel information concerning employees other than Plaintiff; (b) proprietary business information of Defendant or of Northrop Grumman Corporation; (c) information containing industry trade secrets owned by Defendant or by Northrop Grumman Corporation; and (d) information relating to Plaintiff concerning personal matters not generally known to the public including, but not necessarily limited to, social security number, income and tax information, medical information, and information regarding disciplinary matters. CONFIDENTIAL information shall not be disclosed except as provided in this Order and shall not be used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    any party to this case or representatives of the parties, including current or

former employees of Northrop Grumman Systems Corporation or Northrop Grumman Corporation;

(d)  expert witnesses and consultants retained by any party or their counsel in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)  the Court and its employees ("Court Personnel");

(f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)  deponents, witnesses, or potential witnesses to the extent reasonably necessary in preparing to testify; and

(h)  other persons by written agreement of the parties.

5.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order, agrees to be bound by its provisions, understands that disclosure of CONFIDENTIAL information constitutes contempt of court and consents to the exercise of personal jurisdiction by this Court for the purposes of this Order. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.  Protected Documents subject to this Protective Order shall not be disclosed to any Competitor of Defendant or of Northrop Grumman Corporation. For purposes of this Protective

Order, "Competitor" shall be defined as any entity or person currently engaged in the commercial discovery and/or commercial development and/or commercialization of aerospace systems, electronic systems, information systems and technical services to government and/or commercial customers, and shall include any agent, employee, consultant, or other person currently similarly affiliated with such entity or person. This provision is not intended to prohibit disclosure of CONFIDENTIAL information to Plaintiff.

7.   Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "Protected Document/Document Subject to Protective Order." Electronic documents may be designated as CONFIDENTIAL by putting them on a CD labeled as "CONFIDENTIAL." Any documents previously produced in this litigation may be designated as confidential by either party within 15 days after entry of this Protective Order.

8.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. During the initial thirty-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. Deposition exhibits that are CONFIDENTIAL will continue to be protected without further designation being required, and such protection is not dependent upon the transcript being designated as

CONFIDENTIAL. Deposition transcripts designated as CONFIDENTIAL may be filed with the Court only under seal, consistent with the provisions of Paragraph 9.

A former employee of Defendant or of Northrop Grumman Corporation may be shown CONFIDENTIAL information if such former employee authored or has previously seen such document. A deponent shall not retain or copy portions of his/her deposition transcript containing CONFIDENTIAL information not provided by the deponent or the entities whom he/she represents, unless the deponent agrees in writing to be bound by this Protective Order.

9. Any CONFIDENTIAL information filed with the Court shall be filed under seal consistent with D.C.Colo.L.Civ.R. 7.2. Parties designating documents as CONFIDENTIAL represent that such documents contain information in which there is a legitimate private or public interest, as referenced in D.C.Colo.L.Civ.R. 7.2(B)(2). Other Parties may reasonably rely on said representation in seeking to comply with D.C.Colo.L.Civ.R. 7.2(B)(2) when filing a Motion to Seal under said rule.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion consistent with D.C.Colo.L.Civ.R. 7.2 requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file

such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Within thirty (30) days after final termination of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, except that counsel may retain one copy of such CONFIDENTIAL documents to maintain a complete file. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Any retained documents remain subject to the terms and conditions of this Protective Order, and shall not be disclosed or used, without the consent of the party producing such documents or further Order of the Court, except as described herein. Consultants and/or experts retained by counsel shall return the CONFIDENTIAL information and all copies thereof (other than exhibits of record) to opposing counsel. All parties and their counsel shall certify compliance with this provision and shall deliver the same to opposing counsel not more than forty-five (45) days after final termination of this case. This Protective Order will remain in effect after final termination of the case and each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court for the purposes of this Order, in

perpetuity. This Court shall not be divested of jurisdiction of any person or the subject matter of this Order by final termination of this case, or by the filing of a Notice of Appeal or other pleading which would ordinarily divest this Court of jurisdiction over this matter generally.

12. This Order shall not be interpreted to interfere in any way with a party's ability to effectively present evidence during the trial of the case or to brief issues by referring to the evidence in the case.

13. Any party may redact documents or portions of documents that contain information that is subject to a claim of privilege or the work product doctrine. The redacting party shall provide a log to the receiving party identifying redactions based upon a claim of privilege or attorney work product. A failure to redact information does not waive any right to claim privilege or the work product doctrine.

14. This Protective Order may be modified by the Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

**ORDER**

IT IS SO ORDERED this 27th day of May, 2011.

BY THE COURT:

*[signature]*
RICHARD P. MATSCH
UNITED STATES DISTRICT COURT


Stipulated to this __ day of May __, 2011    CORNISH AND DELL'OLIO

*[signature]*
Donna Dell'Olio
*Attorneys for Plaintiff David Barela*


Stipulated to this 24th day of May __, 2011    TUCKER ELLIS & WEST LLP

*/s/ Patricia A. Fennelly*
Patricia A. Fennelly
*Attorneys for Defendant*
*Northrop Grumman Systems*
*Corporation*

8